UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ERIC DE FORD, SANDRA BADER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>JAMES KOUTOULAS, JEFFREY CARTER, ERIK NORDEN, ALEXANDER HOPE MASCIOLI, ARIS GEORGE MICHAELOPOULOS, THOMAS MCLAUGHLIN, CORAL CAPITAL LLC, CORAL CAPITAL MANAGEMENT LLC, CORAL DEFI LP, BRANDON BROWN, BRANDONBILT MOTORSPORTS, LLC and NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC,<br><br>Defendants. | Case No. 6:22-cv-00652-PGB-DCI |

**DEFENDANT ERIK NORDEN'S MOTION FOR RULE 11
SANCTIONS AGAINST PLAINTIFFS AND PLAINTIFFS' COUNSEL**

Defendant Erik Norden respectfully files this Motion for Rule 11 Sanctions against Plaintiffs and Plaintiffs' counsel.

## INTRODUCTION

Defendant Erik Norden does not owe Plaintiffs a dime and no reasonable lawyer would disagree. Claims against Norden should have never been brought because the allegations against Norden in the Second Amended Complaint ("SAC") do not establish any viable cause of action. Despite the prolixity of the pleading, Norden is the specific subject of only *three* substantive allegations in the SAC. The first allegation is that on a December 28, 2021 podcast, Norden "laughed" at the host's response to an audience member's question. A "laugh" is not plausibly actionable. The second allegation is that on a December 29, 2021 podcast, Norden stated that "the website itself is going to go over a little bit of a transformation." The statement about a website is non-substantive and immaterial. The third allegation is that Norden "boasted" that LGBCoin "went from $0 to $330 million." This statement is undisputedly true, as Plaintiffs admit. The remaining references to Norden are limited to copy and paste conclusory allegations that are verbatim reproductions of assertions made against other Defendants.

All five claims against Norden in the SAC are baseless. But Plaintiffs forced Norden to file a motion to dismiss the SAC. At the end of their opposition to the motion to dismiss, Plaintiffs admitted that the allegations in the SAC do not establish a claim against Norden for fraud or conversion. Plaintiffs nevertheless failed to dismiss these frivolous claims. In their unresponsive

- 2 -

opposition to the motion to dismiss, Plaintiffs proclaimed the viability of Count IV for civil conspiracy, Count V for unjust enrichment, and Count VI for an alleged violation of the 1933 Securities Act. But those claims are frivolous.

The civil conspiracy claim is frivolous because it lacks factual support for all four required elements. The unjust enrichment claim is frivolous because the SAC is void of facts needed to establish that Norden was enriched by Plaintiffs in the first place, unjustly or otherwise. The 1933 Securities Act claim is frivolous because the SAC does not contain an allegation that Norden offered or sold LGBCoin to anyone, let alone Plaintiffs. Moreover, LGBCoin is not a security. No reasonable attorney would have filed these meritless claims against Norden on behalf of Plaintiffs, who Norden has never met. Rule 11 sanctions should be entered.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 11, the Court may sanction a party or the party's counsel for filing a pleading which has no reasonable legal basis, no reasonable factual basis, or is filed for an improper purpose. *Thomas v. Evans*, 880 F.2d 1235, 1239 (11th Cir. 1989); Fed. R. Civ. P. 11(b). The imposition of a Rule 11 sanction is subject to a two-part inquiry, including (1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that the claims were frivolous. *Baker v.*

*Alderman*, 158 F.3d 516, 524 (11th Cir. 1998); *Peer v. Lewis,* 606 F.3d 1306, 1311 (11th Cir. 2010).

## ARGUMENT

### I. Rule 11 Sanctions Should be Entered Because Plaintiffs Disregarded the Court's *Sua Sponte* Order Pertaining to the Impropriety of Shotgun Pleadings.

On July 11, 2022, the Court entered an Order *sua sponte* dismissing the First Amended Complaint ("FAC") as a shotgun pleading. ECF No. 63. The Court held that a shotgun pleading is when (1) a complaint containing multiple counts contain each count's adoption of the allegations of all preceding counts, (2) a complaint is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action, (3) a complaint that does not separate out its claims into a different count for each cause of action or claim for relief, or (4) a complaint asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *Id.* at 3-4 (*citing Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015)); *see also State Farm Mut. Auto. Ins. Co. v. Lewin*, 535 F. Supp. 3d 1247, 1257 (M.D. Fla. Apr. 4, 2021). Shotgun pleadings are problematic because shotgun pleadings do not provide defendants with adequate notice of the claims against them and the grounds upon which each claim rests. See ECF No. 63 at 4 (*citing Weiland*, 792 F.3d at 1323). *See also*

- 4 -

T.*D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir.1985) (holding that shotgun pleadings "calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked, are flatly forbidden by the [spirit], if not the [letter], of [Rules 8(a)(2) and 10(b)]."). Deliberate use of a shotgun pleading is an abusive litigation tactic which can be considered obstruction of justice. *See Davis v. Coca Cola Bottling Co. Consol.*, 516 F.3d 955, 982 n.66 (11th Cir. 2008), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Instead of identifying specific acts allegedly taken by Norden which would give rise to Norden's specific liability pursuant to a claim, Plaintiffs conflated Norden with various groups of other Defendants *in each applicable count*. In Count IV, Plaintiffs conflated Norden with 10 other Defendants, as Count IV is against "All Defendants (Except for NASCAR)." In Count V, Plaintiffs lumped Norden in with eight other Defendants, including "the Executive Defendants, Coral Defendants, and Individual Defendant Mascioli." In Counts VI, VII and VIII, Plaintiffs included Norden with three or four other Defendants, as Plaintiffs asserted those claims against "the Company and the Executive Defendants." But other than three generic, accurate, and non-actionable statements on two podcasts, set forth in ¶¶ 88, 115, 116, 175, the SAC contains no factual allegations setting forth specific acts undertaken by

- 5 -

Norden as differentiated from the other Defendants. In all counts in which Norden is supposed to be a defendant, Plaintiffs failed to provide proper notice of the grounds upon which the claims against Norden rest. That failure is inexcusable in light of the Court's order specifically warning against abusive shotgun pleadings.

## II. Rule 11 Sanctions Should be Entered Because Count IV for Civil Conspiracy Lacks Sufficient Facts to Establish All Four Necessary Elements.

A civil conspiracy claim consists of (1) an agreement between two or more parties, (2) to commit an unlawful act or to commit a lawful act by unlawful means, (3) the committing of some overt act in pursuance of the conspiracy, and (4) damage to plaintiff as a result of the acts committed under the conspiracy. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1271 (11th Cir. 2009) (*citing Charles v. Fla. Foreclosure Placement Ctr., LLC,* 988 So.2d 1157, 1159-60 (Fla. 3d DCA 2008)). When a conspiracy claim alleges that two or more parties agreed to commit fraud, the claim is subject to the heightened pleading standards of Rule 9(b). *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1065 (11th Cir. 2007).

A civil conspiracy claim must contain "particularized allegations" establishing a conspiratorial agreement between the defendants. *Albra v. City of Fort Lauderdale*, 232 Fed. Appx. 885, 891 (11th Cir. 2007) (*citing Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984)). A plaintiff must set forth

factual allegations showing that the defendants "reached an understanding to violate" the plaintiff's rights. *Albra,* 232 Fed. Appx. at 891 (*citing Rowe v. City of Fort Lauderdale,* 279 F.3d 1271, 1283 (11th Cir.2002)). These specific allegations must be "more than vague or conclusory" and "must show some evidence of agreement between the defendants." *Id.*

The SAC contains no *specific* factual allegations establishing that Norden entered into any conspiratorial agreement with any of the other Defendants to violate Plaintiffs' rights. In place of the specific allegations, the SAC substituted loose and conflated allegations pertaining to other Defendants as to alleged conspiratorial agreements. However none of those allegations specifically apply to Norden or conduct allegedly undertaken by Norden. *See e.g.,* SAC at ¶¶ 4, 5, 69, 81, 186, 211-13, 246-49.[1] The SAC allegations do not whatsoever establish that Norden sought to violate Plaintiffs' rights, as Norden has never interacted with Plaintiffs.

Plaintiffs failed to allege facts necessary to satisfy the second element of a conspiracy claim because no specific facts implicate Norden in the commission of an unlawful act or a lawful act by unlawful means. A conspiracy

---

[1] The SAC inappropriately relies on a "guilt by association" theory which contravenes fundamental judicial principles. *See e.g., Jewel Foliage Co. v. Uniflora Overseas Florida, Inc.*, 497 F. Supp. 513, 518 (M.D. Fla. Sept. 22, 1980) (noting that "[t]he principle of guilt by association" has "long since been rejected in Anglo-Saxon legal theory").

- 7 -

claim requires an "actionable underlying tort or wrong." *Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1217 (11th Cir. 1999); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067 (11th Cir. 2007) (finding that the "gist" of a civil conspiracy action is not the conspiracy itself but the civil wrong which is alleged to have been done pursuant to the conspiracy) (*citing Czarnecki v. Roller,* 726 F.Supp. 832, 840 (S.D.Fla. Nov. 15, 1989)).

The SAC contains no specific factual allegations establishing that Norden committed, or agreed to commit, any unlawful act or any lawful act by unlawful means. None of the three specific facts in the SAC pertaining to Norden, the laugh, the statement about a future website update, and the accurate statement of the market capitalization, comprise allegations which plausibly establish that Norden committed an unlawful act or a lawful act by unlawful means. Accordingly, Plaintiffs failed to establish the second element of a conspiracy claim.

The SAC allegations are likewise insufficient to establish the existence of an overt act by Norden in furtherance of the conspiracy per the third element of a conspiracy claim. The only "overt acts" which Norden allegedly committed consist of laughing, stating that a website would be revised in the future, and correctly stating that the LGBCoin market capitalization had risen from $0 to $330 million. These factual allegations are patently insufficient to establish that Norden committed an overt act in the pursuance of an unlawful

- 8 -

conspiracy. Moreover, to the extent that Plaintiffs rely on a fraud theory as to the conspiracy claim, Plaintiffs failed to satisfy the particularity requirements of Fed. R. Civ. P. 9(b), among other pleading requirements.

The SAC also does not contain sufficient facts needed to establish that Plaintiffs were damaged as a result of any action taken by Norden per the fourth element of a conspiracy claim. The SAC contains no allegations indicating that Plaintiffs sustained damages as a result of any action taken *by Norden*. The SAC is void of any allegation that Plaintiffs heard Norden's statements on the December 28, 2021 and December 29, 2021 podcasts or took any action based on those patently innocuous statements. Plaintiffs failed to connect any alleged damages to any specific act taken by Norden. Therefore, the fourth element of a conspiracy claim is not satisfied. The conspiracy claim is objectively frivolous because the SAC lacks facts necessary to establish all four elements of the claim and Rule 11 sanctions are therefore appropriate.

### III. Rule 11 Sanctions Should be Entered Because Count V for Unjust Enrichment is Objectively Frivolous as Norden was Not Enriched by Plaintiffs.

To establish an unjust enrichment claim, the plaintiff must allege facts establishing that, (1) the plaintiff conferred a benefit on the defendant, (2) the defendant voluntarily accepted and retained that benefit, and (3) the circumstances are such that it would be inequitable for the defendant to retain it without paying the value thereof. *Virgilio v. Ryland Group, Inc.*, 680 F.3d

1329, 1337 (11th Cir. 2012) (*citing Fla. Power Corp. v. City of Winter Park,* 887 So.2d 1237, 1241, fn. 4 (Fla. 2004)). An unjust enrichment claim requires that the benefit gained by the defendant come "*directly* from the plaintiff." *Century Senior Servs. v. Consumer Health Benefit Assn.*, 770 F. Supp. 2d 1261, 1267 (S.D. Fla. Mar. 9, 2011) (holding that defendant was not liable for unjust enrichment where plaintiff failed to allege that they directly conferred any benefit on defendant, even though they arguably did so indirectly) (*citing Peoples Nat. Bank of Commerce*, 667 So.2d at 879); *Huntsman Packaging Corp. v. Kerry Packaging Corp.*, 992 F.Supp. 1439, 1446 (M.D.Fla. Feb. 3, 1998).

The SAC does not contain factual allegations indicating that Plaintiffs conferred any benefit whatsoever on Norden. The SAC is void of any reference to Norden in the discussion regarding various Ethereum transfers from various wallets. See SAC at ¶¶ 132-170. The allegations in the SAC do not indicate any date on which Norden is alleged to have received or sold LGBCoin and there are no facts which indicate any communications between Plaintiffs and Norden.

Other than the boilerplate in ¶ 29, which is a copy and paste of allegations pertaining to other Defendants, the SAC is completely void of any facts connecting Norden to any acceptance of a benefit related to LGBCoin. Moreover, given the absence of any facts connecting Norden to the receipt or retention of any benefit, Plaintiffs failed to demonstrate that Norden was

- 10 -

enriched at all. The baseless nature of the claim is obvious and Rule 11 sanctions are warranted.

**IV. Rule 11 Sanctions Should be Entered Because Count VI for Violation of the 1933 Securities Act against Norden is Frivolous, Given that as Norden did not Sell or Offer to Sell any Security and Moreover LGBCoin is not a Security in the First Place.**

A private right of action against an individual under Section 12(a)(1) of the Securities Act of 1933 requires "the offer or sale of the securities," defined as when the defendant (1) actually transferred title to the security, and (2) successfully solicited the purchase. *In Re CNL Hotels & Resorts, Inc.*, No. 2005 WL 2291729, at \*3 (M.D. Fla. Sept. 20, 2005) (*citing Ehlert v. Singer*, 85 F. Supp. 2d 1269, 1274 (M.D. Fla. 1999), *aff'd and remanded,* 245 F.3d 1313 (11th Cir. 2001)). A viable Securities Act claim requires that the defendant must have *directly* passed title of the securities to the purchaser (i.e., as the immediate seller). *Id.* at 4 (*citing Pinter v. Dahl*, 486 U.S. 622, 642 (1988); *Ehlert*, 85 F. Supp. 2d at 1274)). A plaintiff may not merely allege the acquisition of securities "through the defendant, or that the defendant made the sale of securities possible." *Id.* (*citing Dietrich v. Bauer,* 76 F.Supp.2d 312, 330 (S.D.N.Y.1999)).

A Securities Act claim requires factual allegations which establish "*by whom* the plaintiffs were solicited and *from whom* they purchased shares." *In re CNL Hotels & Resorts, Inc.*, 2005 WL 2291729, at \*5 (M.D. Fla. Sept. 20,

- 11 -

2005) (*citing In re Royal Ahold N.V. Sec. & ERISA Litig.*, 351 F.Supp.2d 334, 406 (D. Md. 2004)) (emphasis added). Those assertions "must be supported by specific factual allegations demonstrating a direct relationship between the defendant and the plaintiff purchaser." *In re CNL*, 2005 WL 2291729, at *5. The plaintiff "must allege not only that the defendant actively solicited investors, but that the plaintiff purchased securities as a result of that solicitation." *Id.* (*citing Griffin v. Painewebber, Inc.*, 2001 WL 740764 at *2 (S.D.N.Y. June 29, 2000)). Mere conclusory allegations that a defendant solicited the sale of stock and that the defendant was motivated by financial gain to do so are insufficient to state a claim under Section 12. *Id.* (*citing Lalor v. Omtool, Ltd.*, 2000 WL 1843247, at *8 (D.N.H. Dec.14, 2000)).

The SAC does not contain factual allegations necessary to establish that Norden offered or sold any securities to Plaintiffs or anyone else. The allegations in the SAC do not indicate any connection or communications whatsoever between Norden and any Plaintiffs. Those non-existent communications are necessary to establish a "direct relationship between the defendant and the plaintiff purchaser." The SAC contains no allegations indicating that Norden engaged in solicitation of Plaintiffs or anyone else. Moreover, the SAC contains no facts indicating that any Plaintiff purchased securities as a result of any solicitation, or any action whatsoever, taken by Norden.

- 12 -

To the contrary, Plaintiffs alleged that their purchase of LGBCoin was made "in reliance on the statement that LGBCoin was an official sponsor of BMS." SAC at ¶¶ 221, 222, 237, 238, 255, 256. Plaintiffs do not ascribe this statement, on which they claim to have relied, as having been made by Norden. Because the SAC does not contain factual allegations necessary to establish that that Norden sold any securities, that Norden solicited Plaintiffs' purchase of any securities, or that Plaintiffs relied on any solicitation or any statement at all by Norden, Plaintiffs failed to set forth facts necessary to establish a violation of the Securities Act of 1933 as it pertains to Norden.

The Security Act claim is also defective because the SAC does not contain facts necessary to establish that LGBCoin is a security. A "security" defined as an "investment contract." *S.E.C. v. ETS Payphones, Inc.*, 408 F.3d 727, 731-32 (11th Cir. 2005); 15 U.S.C. §§ 77b(a)(1); 78c(a)(10); *see also Sec. & Exch. Comm'n v. Graham,* 2013 WL 12080308, at *1 (S.D. Fla. July 10, 2013) (granting motion to dismiss where SEC failed to allege sufficient facts to show an investment contract where the complaint contained no copy of the contract and otherwise had insufficient allegations regarding the purchase agreement). Under the *Howey* Test, for an asset to be considered an investment contract, there must be (1) the investment of money, (2) in a common enterprise, and (3) with a reasonable expectation of profits to be derived from the efforts of others. *S.E.C. v. W.J. Howey Co.*, 328 U.S. 293, 301 (1946).

- 13 -

In the SAC, Plaintiffs alleged that LGBCoin is a "digital *commodity* whose value rises with its demand." SAC ¶ 3 (emphasis added). Plaintiffs further asserted that LGBCoin did not have a corresponding "whitepaper" (which is similar to a prospectus). *Id*. at 59-60. The gravamen of the SAC is the allegation that LGBCoin was subject to price increases upon the stoking of increases in demand, which is further consistent with a commodity. Subsequently within Count VI, however, Plaintiffs recited conclusory allegations as to the elements of an investment contract. *See e.g., id*. at ¶¶ 276-87. The conclusory allegations do not suffice. The SAC does not contain specific facts demonstrating a common enterprise or how the profits would be the product of the efforts of someone other than the investors themselves. Moreover, none of the subject matter pertains to Norden since he did not sell any securities, commodities, or anything at all to Plaintiffs. The Securities Act claim against Norden is frivolous and therefore Rule 11 sanctions should be entered.

## V.   Rule 11 Sanctions Should be Entered Because Plaintiffs and Their Counsel Were Aware of the Fatal Pleading Flaws.

Norden provided Plaintiffs with a 21-day safe harbor during which time Plaintiffs could have withdrawn the frivolous pleading. Instead of withdrawing the frivolous lawsuit, Plaintiffs continued to press forward while aware of the baseless nature of the claims.

## CONCLUSION

For the reasons discussed herein, Rule 11 sanctions should be entered against Plaintiffs and Plaintiffs' counsel.

## CERTIFICATE OF CONFERRAL

The undersigned counsel for Defendant Erik Norden hereby certifies that he conferred with Plaintiffs' counsel regarding this motion via email on February 1, 2023 on Plaintiffs' counsel:

Robin Horton Silverman, robin@ziglerlawgroup.com

John T. Jasnoch, jjasnoch@scott-scott.com

Sean T. Masson, smasson@scott-scott.com

Aaron M. Zigler, aaron@ziglerlawgroup.com

                        By:    */s/ Kenneth E. Chase*
                                Kenneth E. Chase

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

By:    */s/ Kenneth E. Chase*
        Kenneth E. Chase
        Chase Law & Associates, P.A.
        1141 71st Street
        Miami Beach, FL 33141
        Tel: (305) 402-9800
        Fax: (305) 402-2725
        Email: kchase@chaselaw.com

*Counsel for Defendant Erik Norden*

## CERTIFICATE OF SERVICE

I, Kenneth E. Chase, hereby certify that I served the foregoing via CM/ECF on February 24, 2023 which serves electronic notice on all counsel of record and registered CM/ECF users.

By: */s/ Kenneth E. Chase*
Kenneth E. Chase

- 16 -